**STATE of Missouri, Respondent,**

v.

**Ranson Z. TENNER, Appellant.**

**No. WD 62372.**

Missouri Court of Appeals, Western District.

Aug. 31, 2004.

Ellen H. Flottman, State Public Defender, Columbia, MO, for Appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, C.J., LOWENSTEIN and SPINDEN, JJ.

### ORDER

PER CURIAM.

Ranson Tenner appeals the judgment of his convictions, after a jury trial in the Circuit Court of Jackson County, on Count I for felony murder in the second degree, § 565.021.1(2) [1]; on Count II for assault in the second degree, § 565.060; on Count III for tampering in the first degree, § 569.080.1(2); on Count IV for leaving the scene of a motor vehicle accident, § 577.060; on Count V for careless and imprudent driving, § 304.012; and on Count VI for resisting arrest, § 575.150. As a result, he was sentenced, as a prior and persistent offender, § 558.016, to prison terms in the Missouri Department of Corrections on Count I of twenty-five years, on Count II of fifteen years, on Count III of eight years, on Count IV of six years, on Count V of six months, and on Count VI of one year, with Counts I–IV to run consecutively to each other, and Counts V and VI to run concurrently to each other and to the other counts.

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in overruling his motion for a mistrial because the testimony of a State's witness, a police officer, improperly suggested prior criminal conduct by the appellant, in that the officer implied that the appellant had previous contact with law enforcement officials. In Point II, he claims that the trial court erred in allowing a State's witness, a police officer, to testify that knee injuries sustained by the appellant were consistent with him being the driver of the vehicle that caused a fatal accident, because the officer was not qualified to render such an opinion, in that the question was "medical" in nature, while the officer's expertise was in accident reconstruction.

Affirmed. Rule 30.25(b).

1. All statutory references are to RSMo 2000, unless otherwise indicated.